Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 569 | **DATE** | 10/24/2000 |
| **CASE TITLE** | Jacobs vs. Velasco | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendants' motions to dismiss (28-1, 29-1) in part; plaintiff's official capacity claims, and his claims based on his assignment to an upper bunk, are dismissed for failure to state a claim. Defendants' motions are otherwise denied. Status hearing set to 11/10/00 at 9:30 a.m. Ruling date of 11/10/00 is vacated. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

- No notices required, advised in open court.
- No notices required.
- Notices mailed by judge's staff.
- Notified counsel by telephone.
- ✓ Docketing to mail notices.
- Mail AO 450 form.
- Copy to judge/magistrate judge.

OR / courtroom deputy's initials

Date/time received in central Clerk's Office / mailing deputy initials

number of notices

OCT 2 6 2000 date docketed

docketing deputy initials

ED-7 FILED FOR DOCKETING
00 OCT 25 PM 4: 38

date mailed notice

Document Number
4/

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD JACOBS, )
)
        Plaintiff, )
)
vs. ) Case No. 99 C 569
)
CAPTAIN JESSIE ANDERSON, )
SERGEANT NADINE JONES, OFFICER )
LOUISE EVANS, DIRECTOR ERNESTO )
VELASCO, CHIEF HOWARD HARTSFIELD, )
M.S. KENNON, HELEN MARTINEZ, and )
BEN GEER III, )
)
        Defendants. )

DOCKETED
OCT 26 2000

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      Plaintiff Floyd Jacobs became a pretrial detainee at the Cook County Jail in late October 1998. He claims he had suffered a severe back injury before he was jailed. Upon entering the Jail, like other new prisoners he was required to sleep on the floor due to overcrowding. Jacobs says he advised defendants Anderson, Jones, and Evans, respectively a captain, sergeant, and correctional officer at Division 6 of the Jail, that he had a back condition and that sleeping on the floor caused him added pain, but they took no action to change his sleeping arrangements. He says that on November 16, 1998, he filed a grievance and thereby advised defendants Velasco (the director of the Jail), Hartsfield (a "chief" in Division 6), and Kennon (a "program service director" in Division 6) of his back condition and his added pain, but they took no action to change his sleeping arrangements either. On December 22, defendants Martinez and Geer

(members of the grievance appeal board) denied his grievance. Jacobs continued to sleep on the floor and suffer pain for six more weeks, through the end of January 1999.

According to Jacobs, between November 16, 1998 and January 1, 1999, he saw a doctor at the Jail who recommended that he sleep on a bottom bunk to avoid added injury to his back that sleeping on the floor or climbing to an upper bunk might cause. However, on February 1, 1999, Jacobs was assigned to an upper bunk, allegedly "in retaliation for the filing of his grievance." This, he says, caused him further injury.

Defendants have moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of plaintiff's allegations, not the ultimate merits of his claims. *E.g., Pelfresne v. Stephens*, 35 F. Supp. 2d 1064, 1070 (N.D. Ill. 1999). In evaluating a motion to dismiss, the Court accepts the complaint's allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Autry v. Northwest Premium Services*, 144 F.3d 1037, 1039 (7th Cir. 1998). The Court may grant a motion to dismiss only if it is clear beyond doubt that plaintiff can prove no set of facts consistent with the allegations that would support his claims. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).

Claims by pretrial detainees concerning jail conditions are analyzed under the Fourteenth Amendment. To give rise to a constitutional claim, the challenged condition must amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Discomfort is not enough to constitute punishment; an "extreme deprivation" is required. *See Rhodes v. Chapman*, 452 U.S. 337, 349

(1981); *Hudson v. McMillan,* 503 U.S. 1, 9 (1992).

A number of judges in this District have considered lawsuits by Cook County Jail pretrial detainees forced to sleep on mattresses on the floor due to overcrowding. All have held that if the detainee is sleeping on a mattress, the constitution is not violated simply because the mattress is placed on the ground – at least so long as this is not done as a punitive measure. *See, e.g., Powell v. Cook County Jail,* 814 F. Supp. 757, 759 (N.D. Ill. 1993); *Brown v. Fairman,* No. 93 C 2671, 1993 WL 286554, at *1-2 (N.D. Ill. Jul. 29, 1993); *Chavis v. Fairman,* No. 92 C 7490, 1994 WL 55719, at *4 (N.D. Ill. Feb. 22, 1994); *Coughlin v. Sheahan,* No. 94 C 2863, 1995 WL 12255, at *2 (N.D. Ill. Jan. 12, 1995); *Fisher v. CCDOC Jail,* No. 98 C 3671, 1998 WL 341619, at *2 (N.D. Ill. Jun. 19, 1998). Jacobs does not claim that he was forced to sleep on the floor without a mattress, and he concedes that his sleeping arrangements were the result of overcrowding – he does not claim that it was a punitive measure. Thus if all Jacobs had alleged was that upon entering the Jail, he was required to sleep on the floor, his claim would be subject to dismissal.

What distinguishes Jacobs' claim from those of the plaintiffs in the cited cases and others like them, however, is his allegation that he had a severe preexisting back injury and advised the defendants that sleeping on the floor was aggravating his injury, but the defendants did nothing. Even if requiring an inmate to sleep on a mattress on the floor does not by itself give rise to a constitutional claim, that does not permit jail authorities to ignore a detainee's medical condition. It is well established that if a jailer is deliberately indifferent to a detainee's serious medical needs, and the detainee suffers injury as a result of this, the jailer may be liable for damages. *See generally Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976) (Eighth Amendment case involving

3

prison medical care); *Zentmeyer v. Kendall County,* 220 F.3d 805, 810 (7th Cir. 2000) (applying same standard to pretrial detainee under Fourteenth Amendment). Defendants are not absolved from liability simply because their challenged action involves matters (i.e. sleeping arrangements) which alone would not give rise to a claim.

An official is deliberately indifferent when he acts or fails to act "despite his knowledge of a substantial risk of serious harm" to the inmate. *Farmer v. Brennan,* 511 U.S. 825, 842 (1994). On the present record, we have no idea of the severity of Jacobs' prior injury, the seriousness of the harm that he risked from sleeping on a mattress on the floor as opposed to some other arrangement, or the extent to which the injury and the risk of further harm was brought home to the defendants. A failure of proof on any one of these factors is likely to doom Jacobs' claim. But at this stage of the litigation, we are evaluating Jacobs' allegations, not his evidence, and his allegations are sufficient to permit his claim about sleeping on the floor to survive.

We reach a different result concerning Jacobs' claim that he was assigned to an upper bunk in retaliation for having filed a grievance. Jacobs alleges that a doctor at the Jail told him that he should be assigned to a lower bunk for fear that having to climb to an upper bunk would lead to further back injuries. This claim of retaliation fails, however, because Jacobs does not allege that any of the defendants were aware of the doctor's advice. Knowledge of the doctor's advice is critical to any claim of retaliation, for without that, there would be no reason for any of the defendants to think that reassigning a detainee from the floor to a bunk bed could be viewed as a change for the worse.

Defendants Velasco, Hartsfield, Kennon, Martinez, and Geer seek dismissal on the

grounds that they are not sufficiently claimed to have had personal responsibility for the alleged violation of Jacobs' rights. Jacobs alleges that Velasco, Hartsfield and Kennon knew of his prior injury and the risk of harm as a result of receiving copies of a grievance he filed. Defendants, relying on *Crowder v. Lash*, 687 F.2d 987, 1006 (7th Cir. 1982) and a number of district court decisions, argue that this is insufficient as a matter of law to impose liability upon them. The Court disagrees; we cannot discern from *Crowder* a *per se* rule that receipt of a grievance by one who has responsibility for a particular condition can never give rise to "deliberate indifference" liability. *Crowder* involved a claim against the director of corrections for an entire state; the Court concluded that his receipt of an individual grievance from an inmate at a particular institution was insufficient to impose liability upon him. On the present record, we cannot say that Velasco, who is director of a single correctional institution (albeit one that, like most prisons, has several sections), is similarly situated. *See, e.g., Alexander v. Sheahan*, 998 F. Supp. 899, 901 (N.D. Ill. 1998); *Radick v. Hardiman*, 588 F. Supp. 932, 935-36 (N.D. Ill. 1984). Hartsfield and Kennon, who work directly in the division of the Jail in which Jacobs was housed, likewise are not entitled to dismissal on this basis. The claims against defendants Martinez and Geer, who are alleged to have turned down Jacobs' grievance that plaintiff filed concerning his sleeping arrangements, also are not subject to dismissal for failure to state a claim. There is some authority for the proposition that a responsible officer who overrules a grievance may have sufficient involvement for imposition of liability under §1983. *See Verser v. Elyea*, ___ F. Supp.2d ___, 2000 WL 1050619, at *4 (N.D. Ill. Jul. 27, 2000). At this time we know nothing regarding each of these defendants' relative responsibility (or lack thereof) for making sleeping assignments; if plaintiff fails to adduce evidence that these defendants had anything to do with

5

that, he will be unable to prevail against them. That, however, is an issue for summary judgment; we cannot determine it in defendants' favor on a motion to dismiss We will expect plaintiff's appointed counsel to make a good faith determination in the course of or following discovery as to which defendants genuinely can be claimed to have had personal responsibility for the alleged constitutional violation.

We agree with defendants, however, that plaintiff has set forth no basis for "official capacity" claims against any of them. A claim against a public official in his official capacity is in effect a claim against the official's employer, in this case Cook County. For this reason, there can be no "official capacity" liability under §1983 absent a policy or custom of the County. *See, e.g., Lanigan v. Village of East Hazel Crest,* 110 F.3d 467, 479-79 (7th Cir. 1997); *Alexander,* 998 F. Supp. at 901. Plaintiff has failed to allege that he was injured as the result of a custom or practice of the County, and thus he cannot maintain an official capacity claim against any of the defendants.

For these reasons, the Court grants defendants' motions to dismiss [28-1, 29-1] in part; plaintiff's official capacity claims, and his claims based on his assignment to an upper bunk, are dismissed for failure to state a claim. Defendants' motions are otherwise denied.

                                                              _/s/ Matthew F. Kennelly_
                                                           MATTHEW F. KENNELLY
                                                           United States District Court

Date: October 24, 2000