


# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 569 | **DATE** | 10/30/2001 |
| **CASE TITLE** | Jacobs vs. Anderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants defendants' motion for summary judgment (45-1). Judgment is entered in favor of defendants. Pretrial conference date of 11/29/01 and jury trial date of 1/7/02 are vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 31 2001 date docketed | 50 |
| ✓ | Docketing to mail notices. | | | |
| ⌒ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | FILED FOR DOCKETING 01 OCT 30 PM 5:11 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FLOYD JACOBS, )
)
   Plaintiff, )
)
v. ) Case No. 99 C 0569
)
CAPTAIN JESSIE ANDERSON, SERGEANT )
NADINE JONES, OFFICER LOUISE EVANS, )
DIRECTOR ERNESTO VELASCO, CHIEF )
HOWARD HARTSFIELD, M.S. KENNON, )
HELEN MARTINEZ and BEN GREER III, )
)
   Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
OCT 31 2001

MATTHEW F. KENNELLY, District Judge:

Plaintiff Floyd Jacobs has sued several officials and correctional officers at the Cook County Jail under 42 U.S.C. § 1983, claiming that they were deliberately indifferent to his back injury and that he suffered damage as a result.[1] Jacobs became a pretrial detainee at the Cook County Jail on or about November 2, 1998 and was assigned to the Jail's Division VI. He claims he had suffered a work-related back injury in 1979 and says that upon entering the Jail, he informed Jail officials about his back problem and told them he needed medical treatment. Like all other new detainees, Jacobs was required to sleep on a single mattress on the floor due to overcrowding. Jail cells have two bunk beds that are always occupied, and some cells also have a third inmate who sleeps on a mattress on the floor. The Jail's policy provides for detainees to move to a bunk bed when one becomes available.

---

[1] The Court thanks appointed counsel Nancy Fredman Krent and Adam Beltzman for their service on behalf of the plaintiff.

1

On November 16, 1998, Jacobs submitted a grievance informing Jail officials that he had a "severe back problem" that caused him significant pain every day, and that no one was responding to his complaints. In his grievance, Jacobs requested to see a doctor about his back problem, to get a double foam mattress, to "get off the floor" to a bunk bed and to receive compensation for pain and suffering. A short time later, defendant Yolanda Kennon, a correctional rehabilitation worker, interviewed Jacobs about his back problem and then forwarded Jacobs' grievance to Cermak Health Services ("CHS"). Jacobs also claims that during November 1998, he told defendants Officer Evans, Captain Jessie Anderson, Sergeant Nadine Jones and the Jail's Executive Director, Ernesto Velasco about his back problem and that sleeping on the floor caused him added pain.

A Jail physician subsequently reviewed Jacobs' grievance, and he received medical treatment for his back problem. A CHS employee then forwarded Jacobs' grievance along with a CHS response form to the Jail's chief of Division VI, defendant Howard Hartsfield. The CHS response stated that Jacobs "ha[d] been treated for his chronic problem" and that the divisional physician reviewed Jacobs' request for an extra mattress but an "extra mattress [was] not indicated." Hartsfield reviewed these documents and denied Jacob's grievance. Jacobs' grievance was also denied on appeal when it was reviewed by defendants Helen Martinez and Ben Greer, members of the Jail's Grievance Appeals Board.

Jacobs moved to an upper bunk bed in January 1999 and then later moved to a bottom bunk.

### Discussion

Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the movant makes a prima

facie showing that it is entitled to summary judgment, the non-movant has the burden to produce evidence that demonstrates a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986); Fed. R. Civ. P. 56(e). The non-movant cannot rest on "mere allegations" but "must set forth specific facts" that show a genuine issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). Because defendants have moved for summary judgment, the Court views the evidence in the light most favorable to Jacobs, drawing reasonable inferences in his favor. *Celotex,* 417 U.S. at 331. The Court will not render summary judgment if there is sufficient evidence for a jury to return a verdict for Jacobs. *Anderson,* 477 U.S. at 248.

Because Jacobs is a pretrial detainee, we analyze his conditions of confinement claim under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Since "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law[,]" the Court inquires whether the alleged conditions amount to punishment of the detainee. *Id.* The Seventh Circuit has indicated, however, that conditions-of-confinement claims by pretrial detainees are to be analyzed under the same standards that apply to convicted prisoners under the Eighth Amendment. *See, e.g., Henderson v. Sheahan,* 196 F.3d 839, 844 n.2 (7th Cir. 1999). Though some of that court's decisions suggest that the Fourteenth Amendment might conceivably provide a greater level of protection to pretrial detainees than the Eighth Amendment provides to convicted prisoners, *see, e.g., Sanders v. Sheahan,* 198 F.3d 626, 628 (7th Cir. 1999) (stating that "[t]he protections extended to pretrial detainees ... are *at least as extensive* as the protections ... extended to prisoners"), in the particular circumstances of this case, the standard makes no practical difference. Accordingly, we will analyze the case under the standard that applies in Eighth Amendment conditions-of-confinement cases.

3

Accordingly, to prove his claim against the defendants, Jacobs must meet a standard that includes both an objective and a subjective element. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Under the objective part of the test, Jacobs must show that his conditions of confinement "pos[ed] a substantial risk of serious harm." *Id.* Merely uncomfortable conditions are not sufficient. *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). The subjective part of the test is satisfied if Jacobs shows that the defendants acted with deliberate indifference to a substantial risk of serious harm to Jacobs. *Farmer,* 511 U.S. at 834, 836. Of course, because we are deciding a motion for summary judgment, in the present context we ask only if Jacobs has provided evidence from which a reasonable juror could find in his favor on these elements.

We first consider whether Jacobs meets *Farmer's* objective standard. The issue is whether Jacobs had a serious medical need, *see Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976), meaning "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Zentmeyer v. Kendall County,* 220 F.3d 805, 810 (7th Cir. 2000) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir.1997)). Serious medical needs also include the "unnecessary infliction of pain" that results from a failure to provide treatment. *Gutierrez,* 111 F.3d at 1373.

Although Jacobs evidently was provided with some medical treatment for his back problem, he asserted in his grievance that his back condition nonetheless required that he sleep on a bed instead of the floor, and he claims that a Jail physician told him that he should move to a bottom bunk to help his back problem. Jacobs claims that he suffered added back pain from sleeping on a mattress on the cold floor and that advised the defendants of this. The Court concludes from this evidence that a reasonable jury could find that Jacobs has satisfied the objective part of the *Farmer* test.

4

We next consider whether any of the defendants' conduct satisfied *Farmer's* subjective standard. A jail official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. A jail official is not deliberately indifferent if he is only negligent or the official's state of mind is less than criminal recklessness or an intent to punish. *See City of Chicago v. Salazar*, 940 F.2d 233, 238-39 (7th Cir. 1991). And jail officials are not liable if they do not know about or cannot change the condition. *See Del Raine v. Williford*, 32 F.3d 1024, 1038 (7th Cir. 1994).

Several of the defendants are entitled to summary judgment because Jacobs has provided no evidence that they had any authority to change Jacobs' sleeping arrangements. This is the case with defendant Kennon, a correctional rehabilitation worker, and also with defendants Anderson, Jones, and Evans, all of whom are correctional officers. Even if the correctional officers had the authority to change Jacobs' sleeping arrangements, the evidence reflects that they would have deferred to the judgment of Chief Hartsfield, who handled Jacobs' grievance. Defendant Evans is entitled to summary judgment on the additional ground that she is a female, and Jacobs says that the officer Evans to whom he complained was a male.

Hartsfield, the chief of Division VI, did have the authority to change Jacobs' sleeping arrangements, and he actually reviewed Jacobs' grievance. Hartsfield states that he denied the grievance because the response he received from Cermak Health Services stated that a physician had reviewed Jacobs' request for a double foam mattress and that an "extra mattress [was] not indicated." Hartsfield's testimony in this regard is undisputed by plaintiff. Under the circumstances, there is no basis from which a reasonable jury could conclude that Hartsfield was

5

deliberately indifferent to a substantial risk of serious harm to Jacobs from sleeping on an ordinary mattress on the floor.

We reject Jacobs' argument that the Cermak Health Services response is inadmissible hearsay which cannot be used as a basis for summary judgment. Defendants have not submitted the response for its truth but rather to show the defendants' state of mind, and accordingly the evidence is not hearsay and is admissible. *See Stewart v. Henderson*, 207 F.3d 374, 377 (7th Cir. 2000).

As noted earlier, Jacobs also claims that a doctor (whom he has not named) told him that he should move to a bunk bed. But he has provided no evidence that he advised any of the defendants about the doctor's advice. Moreover, he has presented no evidence that the doctor or other Cermak Health Services personnel told Hartsfield or anyone else that Jacobs should be moved to a bunk bed ahead of schedule.

Defendants Martinez and Greer are entitled to summary judgment on the same basis as Hartsfield. The evidence is undisputed that after Hartsfield denied Jacobs' grievance, these defendants decided that Jacobs should not receive a double foam mattress or move to a bunk bed ahead of schedule because the Cermak Health Services physician had provided treatment and concluded that a double foam mattress was not indicated. These defendants, like Hartsfield, could not be found by a reasonable jury to have been deliberately indifferent to Jacobs' back problem.

Finally, the Court grants summary judgment in favor of defendant Velasco, the Jail's Executive Director. The evidence is undisputed that Velasco did not review Jacobs' grievance. Though Jacobs says he told Velasco about his back problem, he does not claim to have informed Velasco of any specific facts beyond the substance of his grievance from which Velasco could

have inferred that Jacobs would suffer serious harm. Moreover, supervisory liability under section 1983 requires that the supervisor "know about the problem and intend that it continue[.]" *Pacelli v. DeVito*, 972 F.2d 871, 875 (7th Cir. 1992). The supervisor "must act because of, and not merely in spite of, the objectionable consequence." *Id.* at 875-76. Jacobs has provided no evidence supporting a claim of liability against Velasco under this standard.

### Conclusion

For the reasons explained above, the Court grants defendants' motion for summary judgment [Docket No. 45-1]. The Clerk is directed to enter judgment in favor of defendants. The trial and final pretrial conference dates are vacated.

Date:   October 30, 2001

_____<br>
MATTHEW F. KENNELLY<br>
United States District Judge